UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAUN RUSHING, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:23-cv-00231 (UNA) |
| | ) |
| 425 2ND STREET SHELTER, | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff has filed a *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained below, the court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff, a resident of the District of Columbia, sues the "425 2nd Street Shelter," which is also located in the District. He alleges only that, during his time at the Shelter, he was treated disrespectfully and, at some point, told that he could not return to the premises. He contends that unspecified individuals "clearly expressed discrimination," but provides no additional detail. He demands "one hundred million dollars each."

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

First, plaintiff and defendant are both located in the District of Columbia, so there can be no diversity jurisdiction. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").

Second, plaintiff has failed to state a federal question. A federal question must "affirmatively appear clearly and distinctly[,]" *Johnson v. Robinson*, 576 F.3d 522, 522 (D.C. Cir. 2009) (citing *Bilal v. Kaplan*, 904 F.2d 14, 15 (8th Cir. 1990) (per curiam)). Although plaintiff passingly refers to "discrimination," he does not specify the legal authority under which he rights were purportedly violated nor does not provide any context to make out a colorable claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) ("bare assertions" of a "discrimination claim" are "not entitled to be assumed true"). Indeed, the court has no information as to who discriminated against plaintiff, how they discriminated against him, when these alleged events occurred, and how or what damages resulted therefrom.

For all of these reasons, this court cannot exercise subject matter jurisdiction over this matter, and the complaint, ECF No. 1, and the case, are dismissed without prejudice. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

Date:   April 5, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge